We'll hear Rodriguez versus Diaz Good morning, your honors. May it please the court. My name is Jorge Rodriguez and I am the appellant in this case. Your honors, there are numerous independent reasons, each mandating reversal and remand of the district court's improper sua sponte dismissal of the underlying action six days after the action was filed and served in the district court. What's the status of the Florida action? Is it completed? Yes, Judge Wesley, the Florida action. Was the result favorable to your client? It was. It's very complicated. There was a settlement of some of the claims, and then there was an appeal with respect to another of the defendants, and that appeal then went back down. But just to clarify, your honor, and I understand why the court won't understand this, when I filed the initial action in federal court in the Southern District, there were still ongoing proceedings with respect to only one of the four defendants. But are there still ongoing proceedings or are they terminated? No, your honor. There are no longer any proceedings whatsoever in the Durrell Pines litigation in Florida. What possible relief could we give you in this context, because you seek to be admitted pro hoc vici, for us to direct that you be admitted pro hoc vici in the Florida District Court to appear in a proceeding that now no longer is going on. Isn't your claim mooted? It's not mooted, your honor, under the exceptions to the mootness doctrine. Again, when I filed the underlying action in the Southern District, there were proceedings still ongoing, so that's number one. Number two, under federal law, under the I understand that, but I asked you as to now, because mootness goes to our ability to, whether there's a case or controversy as to whether we can consider the matter at all. There is absolutely a case or controversy present because there are ongoing violations. Under federal law, under the Supremacy Clause of the United States, federal, if there was no possibility of... Do you have other pro hoc vici applications that have been denied? Not at this time, but because I am an attorney who practices in various jurisdictions, I have something right now in an out-of-state jurisdiction for a large company where my firm and myself may have to file a pro hoc vici application, and for other reasons, reputational injuries, economic injuries. Injuries are still ongoing, and we made it very clear in the briefs that under the Supremacy Clause... Well, you know that if you solve money damages, you get yourself into 11th Amendment issues. Absolutely, and thank you for raising that, your honor. This lawsuit, the underlying action, does not seek any monetary damages. You raised the fact that you had some monetary concerns, and my issue with that would be is that I don't know that this is the right way to go about it. But I mentioned the economic damages as an example of continuing harms. We don't seek monetary damages in the underlying action. We only seek equitable relief, which is solely within the four corners of 1983, 2201, and clear precedent. But I just want to come back for one second, if I might, your honor. There are numerous independent reasons mandating reversal, but the simplest way for this court to resolve this case is to bring its attention to the Informa Papra statute, section 1915, which is the basis upon which the district court purported to dismiss the case. What is the relief that you want from us? A declaratory relief. A declaratory judgment that the Florida State Court judge erred in denying you Pro Hoc Vitae admission? No. It was the fourth successor. Appellee is the fourth successor judge in the Gerald Pines litigation. The first predecessor judge granted Pro Hoc Vitae, no problem. It was three judges later, the appellee then revoked the Pro Hoc Vitae pursuant to unconstitutional... What do you want in order from us saying that a Florida State Court judge violated your rights by revoking your Pro Hoc Vitae admission? Correct. What authority do we have sitting here in the federal court in New York over what a state court judge does with respect to the admission of attorneys in his court? Because there are multiple violations of federal law and constitutional law, and I bring the court's attention to... Even assuming that's true, what gives us the authority to do anything about it? 1983. First of all, 1331 and 1343 clearly grant the district court original jurisdiction. There are multiple authorities supporting that. 2201 and 1983 also grant this court authority. I bring the court's attention to also FRCP B2, FRCP D3, which both contemplate overturning a court order or a judgment based on fraud on the court, based on procedures that stained the underlying... Did you appeal that decision in the Florida system? Thank you for asking that. There was an appeal, and it was denied... I'm sorry, there was a petition for writ of certiorari. I strike what I just said. It was a petition for writ of certiorari, and I want to be very clear. Under Florida law, a denial of a writ for certiorari has no res judicata effect. It's not an adjudication on the merits. You did try to appeal through the Florida state court system, and the appeal failed. There was a one-line entry from the third DCA that said, petition for cert denied. Under Florida law, that is not determination or adjudication on the merits. There was no opportunity for me to bring... Do you want us to give you the relief that a Florida appellate court would not? No, your honor. The Florida appeal, I was counsel for the plaintiff and the underlying action. I brought that petition for certiorari on his behalf. There was no opportunity for me to bring as a separate independent party the federal constitutional issues with respect to the Florida attorneys and other conduct that under the Sung Cho precedent and many other precedents around the country would mandate that the court review that. I bring your honor's attention to Barrow v. Hunton from 1887, still good law after 140 years, where there was no question that a federal court can review and overturn a state order or a state judgment when there was fraud on the court. I just want to return for one... Did the judge tell you why he was revoking your pro hoc? He did not, and that is one of the fundamental two-process violations in the pro hoc vici revocation, which once there's a pro hoc granted, there's a two-property interest in that pro hoc. There's violations of privileges and immunities. The Florida lawyers got a free pass and were rewarded for their misconduct. I was a whistleblower representing a whistleblower with regard to widespread fraud down in Florida, and it was clear that the court wanted to shut me out, shut me down, and get me out of there. There's, again, after only six days, the district court dismissed the case to Esponte, preventing additional supplementation of the record that would further show the fraud, the egregious fraud on the court that is... You have three minutes for rebuttal. We'll hear from the other side. Thank you, your honors. Good morning, your honors. I'm Bill Stafford with the Florida Attorney General's Office here on behalf of Miami-Dade County Circuit Court Judge Roberto Diaz. The only issue, the only question before this court is whether the federal district court properly dismissed the case to Esponte. I submit that the answer to that is a resounding yes for three principal reasons. Number one, the case, the complaint is nothing more than a request for a de facto appeal. Accordingly, this court has no subject matter jurisdiction under the Rooker-Feldman Doctrine. Number two, under the expressed terms of 42 U.S.C. 1983, Judge Diaz is immune from declaratory relief. He is protected from suits under Section 1983. Thirdly, I think this can be undisputed that the venue in the Southern District of New York is clearly improper under 28 U.S.C. 1391 because both the first two sections of 1391 providing first for venue where the defendant resides and second where a substantial portion of the actual omissions were committed. It's clear that those were only in the Southern District of Florida. The only question before the district court on the venue issue was whether the case should be dismissed or venue transferred to the Southern District. Under these circumstances, the court properly determined that the case should be dismissed. And as the court has already pointed out, there is this case, the state court case has been resolved. So granting the relief that's requested by the defendant in this case, I would suggest means that this case is moot. The only declaratory judgment would be nothing more than advisory opinion. And any injunctive relief, if that was possible under 1983, would in no way be prospective injunctive relief. So respectfully, there's nothing for this court to award or a federal court to award plaintiff in this case. And the only other point that I would like to make before resting on my brief is that this case was dismissed by the circuit court, I'm sorry, by the district court after service on Judge Diaz. But that service was made pursuant to 22 New York Code of Rules and Regulations 520.13, which provides that for an attorney admitted in the state of New York designates the appellate division clerk as agent for service of process. And this is key here, arising out of or based on the state. This case was dismissed prior to Judge Diaz having an opportunity to object to personal jurisdiction. And I just wanted to make it, point out for the record that there certainly is no concession that personal jurisdiction was obtained in the district court over Judge Diaz. And for the reasons discussed here today, and for those set forth in my brief, I would rest on my brief unless the court has any questions. Thank you, your honors. We'll hear the rebuttal. Your honors, I'll start with his last point and then come back to court points for rebuttal. First of all, the clerk of the third department. Get close to the microphone. I'm sorry. Push the microphone down. I apologize, your honor. That's better. The, I point out to the court's attention, A2 of the record, the clerk of the third department unequivocally accepted service on the appellee at that point defendant. And moreover, I highlight. Does that make a good service if the clerk accepts the filing that binds a judge in Florida? I believe it does in the Schoenfeld precedent by this court and the court of appeals decision rendered by Judge Littman in the certification of that. Why did you file in the Southern district of New York? What's the basis for filing in New York? First of all, under the disparity of economic positions here, there would not be a possibility of a fair trial for me in Florida. That's number one. Number two, the Southern district has proper jurisdiction under Schoenfeld, both the court of appeals and the Southern district. And frankly, I think that the fact that the Florida attorney general is here trying to deny me my day in court, uh, speaks volumes as to. I suspect he's here because he has an obligation to represent the interests of state court judges, wherever those interests may be subject to litigation. So I wouldn't, I wouldn't necessarily cast a dispersion on the Florida attorney general because he or she discharges their responsibilities. Perhaps your honor, but there's also a duty under Florida's constitution, uh, to investigate, uh, fraud, um, and other conduct. But I, this is about a pro hoc VJ application. You may have concerns about how you were treated in Florida, but I would caution you about taking it all those steps further. There's a very limited issue here that's in front of us. And I wouldn't, I wouldn't extrapolate from that any kind of determination as to, you know, how you were treated in Florida. This is about whether this is the appropriate place for this, this application to be made. Under this, I understand your honor, under the totality of circumstances, I believe that the form is proper here. I want to highlight three concessions of error. And there are, there are others, but three by the appellee, uh, in this case, and as demonstrated by the oral presentation, uh, one, the appellee's brief does not once highlight, mention, discuss, analyze section 1915. That's not a coincidence. It's simply because section 1915 is indefensible and appellee's silence with respect to 1915 speaks volumes. Number two, the appellee concedes that absolute judicial immunity does not apply in this case, page six of the appellee brief. Third, uh, the appellee concedes that the district court's dismissal with prejudice was erroneous and should be dismissed and should be reversed by the court, page 23 of the appellee's brief. And some, the appellee confesses at least three errors of judgment below. Um, and, and for those reasons, reversal and remand is required. But even apart from those three concessions of error by my adversary, the due process clause requires notice and opportunity to be heard, even where section 1915, section 1915 is properly invoked. That's Cruz versus Gomez, 202-F-35. We have your argument. Thank you. We'll reserve decision.